### CLARK C. TURNER v. HARRY S. BARBER.

Argued February 19, 1901—Decided June 10, 1901.

1. Money paid under legal process in a judicial proceeding, with full knowledge of the facts, is, in the absence of fraud or duress, not recoverable.

2. An owner of a wharf at which a scow had been unloaded libeled the scow in admiralty for the amount of the wharfage. The owner of the scow, without contesting the claim, paid it to the proctor of the libelant and then brought his action in the state courts and recovered it from the libelant. In this action it was found that the plaintiff did not owe the wharfage, but it was not found that the defendant had as libelant been guilty of fraud or extortion or that he knew or ought to have known that the scow was not liable. *Held*, that the money paid in the admiralty suit was paid voluntarily and not under duress of goods, and that upon the facts proved it could not be recovered.

On *certiorari* to the Common Pleas.

The facts appear in the following return filed in the cause:

"In response to the order to certify evidence produced at the trial of the above cause in Salem Common Pleas, I, the judge of said court, do hereby certify that I am unable to comply with the said order as there was no stenographer present at said trial and I took no sufficient notes of the evidence to enable me to certify as requested, but I further report the following facts were found by me from the evidence produced at said trial, and the following motions were made and ruled on, to wit:

"At the opening of the case a motion was made by defendant's attorney for a nonsuit, on the ground that the state of demand did not set out a legal cause of action, but showed only a voluntary payment by plaintiff. This motion I overruled.

"I found from the evidence in the case the following facts, viz.: That the plaintiff contracted with the borough council of Penn's Grove, Salem county, New Jersey, to deliver to it 20,000 bushels of oyster shells alongside the wharf in said borough; that the said borough council at once, after the boat reached the wharf, took charge of said shells and proceeded to unload them at its own expense, using the derricks, scoops and scales of the defendant. That a few months after, in January, 1899, defendant presented a bill to the borough council for sundry matters appertaining to the unloading of said shells and for the use of his wharf, the whole

bill amounting to a little over $72, which bill was under oath. Among the items of said bill was one of $16 for wharfage. The borough council refused to pay said bill on the ground that it was exorbitant, but offered to pay it if the item of $16 for wharfage should be deducted. The defendant agreed to this, and the bill was paid. That up to that time the borough council had paid the wharfage on shells carried for them. I further find that there was nothing in the agreement between Turner, the plaintiff, and the borough council requiring him to pay that wharfage. The following March, 1899, the defendant presented to the plaintiff a bill for $16 for this wharfage, which the plaintiff refused to pay. This was the first time that any demand was made upon the plaintiff for the payment of this bill for wharfage. That no further attempt was made by the defendant to collect this bill from the plaintiff until the following December, 1899; that on December 1st, 1899, the plaintiff contracted with a party living out of the state to sell him the boat which had carried these shells; that under the terms of the contract this party was to notify the plaintiff of the day when the bill of sale should be executed and possession of the boat delivered; that on December 13th, 1899, the plaintiff received from said party a telegram notifying him that the bill of sale should be made out the next day, December 14th, and possession of the boat delivered at the same time; that on the said December 13th, 1899, the defendant caused a monition of libel to be issued out of the United States District Court in Admiralty against the said boat, and by reason thereof the deputy United States marshal, in obedience to said monition of libel, seized and attached the said boat and took her out of the custody and possession of the plaintiff and detained her until the said libel suit was discharged; that on December 14th, 1899, while said boat was still in the custody of said United States marshal, the plaintiff went to the office of the proctor of the libelant, the defendant herein, for the purpose of procuring the release of said boat so as to enable him to carry out his contract; that said plaintiff then paid to said proctor the sum of $37.67 for the purpose of

procuring the release of said boat; that said sum of $37.67 was partly made up of the said bill of $16 for wharfage, and the balance of the costs of said libel suit; that the plaintiff stated to said proctor before the payment of said $37.67 that he paid the same under protest; that upon the payment of said moneys, the boat was released and delivered over to the custody of the plaintiff, who proceeded to complete his contract on that same day, and delivered her to the party who had bought her. I found from the evidence in the case, in the whole, both from the facts above set forth and other evidence, that the plaintiff did not, at the time of the said libel suit, or at any time, owe the said defendant anything for wharfage of said boat or anything that justified said libel suit. I further found from the evidence in the case that until the discharge of said libel suit and the delivery back of said boat to the custody of the plaintiff, both the said plaintiff and the said defendant resided in the borough of Penn's Grove, Salem county, New Jersey, and that the said plaintiff had ample means from which the said defendant could have made the amount claimed as aforesaid for wharfage, if anything was due him thereon by a suit in the Court for the Trial of Small Causes in Salem county, and I further found that the said plaintiff was of ample pecuniary ability to give sufficient bond to enable him to procure the release of said boat from the custody of the said United States marshal.

"At the close of the evidence the defendant's attorney renewed his motion for a nonsuit on the ground that the evidence produced by the plaintiff did not disclose a legal cause of action. This motion I overruled.

"(Signed)  C. H. SINNICKSON,

"*Judge.*"

Before Justices VAN SYCKEL, GARRISON and GARRETSON.

For the plaintiff, *John B. Kates* and *Thomas B. Hall.*

For the defendant, *Daniel V. Summerill, Jr.,* and *William T. Hilliard.*

·The opinion of the court was delivered by

GARRISON, J.   This is an action brought in the Salem Pleas upon an appeal to recover money paid by Turner to Barber's proctor in admiralty.   The ground of the plaintiff's action was that the money so paid had been obtained from him by duress of his goods.   The duress referred to was the seizure and detention of a scow belonging to ⋅Turner by the deputy United States marshal, under a monition of libel issued in a 'suit in admiralty brought by Barber against the scow for wharfage.   To effect the release of the scow Turner, without contesting the claim, paid it under protest to the proctor of the libelant and then sued Barber on it in the Court for the Trial of Small Causes and recovered a judgment against him. Upon an appeal by Barber to the Common Pleas a similar judgment was recovered by Turner.   Thereupon Barber removed the judgment of the Pleas to this court by a writ of *certiorari.*   The facts found by the Court of Common Pleas appear in the return made by the judge of that court in response to a rule.

The judgment of the Common Pleas must be reversed.   The plaintiff did not make out a case of extortion.   The payment by the plaintiff of the claim for wharfage with full knowledge of the  facts was a voluntary one even if he did not owe it.

The proposition maintained by the case annotated upon this subject in *Smith's Leading Cases* is that money paid under regular legal process in a judicial proceeding, without contest, and with a full knowledge of the facts is, in the absence of fraud, not recoverable.   2 *Sm. Lead. Cas.* (*8th Am. ed.*) 436.

There is nothing in the facts of the present case to take it out of this rule or to invoke the rule with respect to the duress of goods.  ·The court decided that the plaintiff did not owe the wharfage, but did find fraud in the libelant or that he knew or ought to have known that the scow was not liable for the wharfage,.or even that he knew of the pending sale of the scow and timed his process as a means of extortion.   The essential factors of a duress of goods by the use of process were lacking.   The libelant had not received pay for the scow's use of the wharf and had a legal right to test its lia-

bility in a competent tribunal of his own selection. Moreover, a complete answer to the claim of duress is contained in the finding of the trial court that the "plaintiff was of ample pecuniary ability to give sufficient bond to enable him to procure the release of the said boat from the custody of the said United States marshal." This fact destroys the force of the plaintiff's contention that the immediate delivery by him of his boat to complete a contract of sale compelled him to pay the claim against it. Under the circumstances, his payment of the claim was a matter of convenience merely. The course pursued by the plaintiff enabled him to release his boat without litigating the validity of the claim against it in the tribunal where the libelant had acquired a right to have the matter decided. To permit the matter to be afterward litigated in a forum of the plaintiff's choosing is contrary to sound policy. His payment of the admiralty claim must be deemed to have been made voluntarily and without fraud or force.

The judgment of the Pleas must be reversed and set aside and a judgment of nonsuit entered.