5628.

(Court of Appeal, Parish of Orleans.)

# TEUTONIA BANK & TRUST COMPANY vs. JACOB T. KIRN AND LAWRENCE T. KIRN.

1. Compensation takes place, as a general rule, even unknown to the debtor by mere operation of law and simultaneously existing debts are reciprocally extinguished to the amount of their respective sums.

2. Compensation does not take place, however, in the confidential contracts arising from irregular deposits, such as deposits of money with a banker, and the depository is not authorized to apply the funds on deposit in his hands to the payment of the debts of the depositor, in the absence of a special mandate from him.

3. But the prohibition of the Statute does not extend to the depositor who may therefore exercise the right of compensation.

4. The doctrine of compensation by way of exception is liberally interpreted by the Court and carries as a result that, if the insolvent fiduciary could not have successfully resisted the plea, neither can its representative in behalf of the creditors.

5. The endorser on a note sued *in solido* with the maker may plead his deposit in compensation of his liability on the note.

Appeal from the Civil District Court, Division "C."

J. J. Reilley, for plaintiff and appellant.

Dupre & Dupre, defendant and appellee.

DUFOUR, J.—This cause is submitted to us on the pleadings and the following statement of facts:

It is admitted that the Teutonia Bank & Trust Company, a banking corporation, was, on April 15th, 1912, declared insolvent, and closed by the State Bank Examiner; that it is now in charge of and being liquidated by

this officer; in accordance with, and under the laws of this State; that Jacob T. Kirn executed the note sued on; that Larwence T. Kirn is the endorser thereon; that he duly waived notice of dishonor, non-payment and protest; that on March 25th, 1912, Jacob T. Kirn discounted, with plaintiff, said note, and that his account was immediately credited therewith; that Jacob T. Kirn had on deposit, prior to April 15th, 1912, prior to, on May 6th, 1912, and now has on deposit, in said institution, the sum of one thousand one hundred and fourteen and twenty-two one hundredths dollars ($1,114.22); that Lawrence T. Kirn had on deposit, prior to April 15th. 1912, prior to, on the 6th day of May, 1912, and now has on deposit in plaintiff institution, the sum of eight hundred and ninety-one and twenty-nine one hundredths dollars ($891,29); that the obligation, here sued on, was payable at plaintiff institution, on May 6th, 1912; that upon that day, defendants herein presented themselves, at plaintiff institution, and tendered to it, through its proper representative, payment thereof, by offering to set off, or compensate the obligation, with the indebtedness of plaintiff to them; that said tender was refused, by plaintiff, on the grounds that the obligation of defendants was not subject to set-off or compensation and moreover, at the same time, that Jacob T. Kirn offered to liquidate said obligation, by legal tender, to plaintiff, through its proper officer, of the difference between the amount of his credit, principal and interest, as a depositor, and the amount of the obligation sued on, which tender was likewise refused on the ground that Jacob T. Kirn's indebtedness to plaintiff was not subject to compensation or set off.

The question presented for decision is, can the debtors of the bank, under the circumstances recited, compensate against the amount of their indebtedness on the note,

the amount of their deposits in the bank.

Appellant's argument against the right to compensate is three fold:

1st. That compensation does not take place in confidental contracts arising from irregular deposits when the rights of third persons would be prejudiced thereby.

2nd. That the debts are not of equal dignity, the obligation of Kirn to the bank being liquidated and that of the bank to Kirn being unliquidated.

3rd. That Kirn's obligation is the property of the bank, and is therefore the common pledge of its creditors.

The general rule of law, as found in the code, is that compensation takes place, even unknown to the debtors by mere operation of law and simultaneously existing debts are reciprocally extinguished to the amount of their respective sums. **Art. 2208.**

But it does not take place in case of a demand of restitution of a deposit or of a loan for use. **Art. 2210.**

In construing the last named article, the Supreme Court has repeatedly held that, under its terms, compensation does not take place in the confidental contracts arising from irregular deposits, such as the deposit of money with a banker, and the depository is not authorized to apply the funds on deposit in his hands to the payment of the depositor, except there is a special mandate from him.

> **Bludworth vs. Jacobs, 2 An., 25;**
> **Breed vs. Purvis, 7 An., 53;**
> **Bogert vs. Egerton, 11 An., 73;**
> **Morgan vs. Lathrop, 12 An., 57;**
> **Murdock vs. Bank, 23 An., 116;**
> **Hancock vs. Bank, 32 An., 592;**
> **Gordon vs. Muchler.**

These decisions all accord with the views of most of the French commentators in their analysis of the corresponding articles of the Code Napoleon, 1293, who hold, that though the code, in this respect, is neither logical nor scientific, the words "restitution of a deposit," were intended to include irregular deposits.

13 Baudry-Lacantinerie, No. 1856, p. 183.

4 Marcade, p. 626.

It is argued by appellant that compensation must exist as to both sides or it cannot exist at all, and that, if banks cannot plead the debts due them by their depositors, depositors cannot plead their deposits in compensation of their debts to the bank.

This argument is not forcible.

Compensation is of civil law origin and is "founded on a natural equity which permitted the reciprocal acquittal of mutual debts;" it was enforced by Courts of Equity prior to and independent of any statute law on the subject. At Law it was enforceible only as allowed by statute.

34 Cyc. 632, 633.

In Louisiana the matter is, of course, merely statutory. The right to compensate is a general one and the exceptions are specific; the right of the depositor to plead compensation is not within the exceptions, hence he may exercise it. The right of the depository is within the exceptions, hence he may not plead compensation in answer to the depositor's demand of restitution of his deposit.

R. C. C., 2210.

In the absence of the prohibition of the article, the depository could also invoke compensation.

In Dalloz, Codes Annotes, p. 249, Article 1293, we find

the following statement, sustained by wealth of authorities:

"La regle nest cependant pas nutile quant au depot irregulier, c'est a dire un depot d'une somme d'argent, fait avere l'intent que le depositaire puisse se servir des choses deposies, et soit tenu de les rendre qu'en meme qualite et valeur; les choses, etant alors fongibles avec d'autres de meme espece, pourraient faire l'object de la compensation, **si l'article 1293 n'y mettait obstacle.**"

Considerations of equity and equality among creditors would be potent in the absence of law, but they cannot be heeded in the face of the positive text of the statute.

In **Beatty vs. Scudday, 10 A. 404,** the plaintiff, as syndic of the creditors of Marchais, a private banker who had absconded sued the defendant on his note which fell due after the ascertained insolvency. The latter had at the time money on deposit with Marchais and, when sued, plead the sum in compensation. In that case, which appears to have closely resembled the one at bar, the same objections as are now made were urged, yet the Court sustained the plea.

A reading of the Court's opinion, in connection with the concurring one of Mr. Justice Spofford, shows the view of the Court to have been that, even if for any reason the debts were not extinguished by operation of law, they were cancelled by compensation by way of exception.

This doctrine is liberally interpreted by the Courts and it follows that, if the insolvent fiduciary could not have recovered on the note, neither can its representative in behalf of the creditors.

See also, 16 A., 181.

The **Beatty case** has been approvingly cited and followed in **Martin vs. Creditors, 15 A. 165, Kennedy vs. Bank, 36 A., 13** and **Grant vs. Buckner, 49 A., 676**, with the sole qualification that claims acquired by a debtor against his creditor, with full knowledge of the latter's insolvency and for the purpose of obtaining an undue preference cannot be set up in compensation.

We see no reason why the endorser may not plead his own deposit in compensation to the extent for which he is condemned; he is decreed to pay in solido with the maker the balance uncompensated by the latter's deposit. It is his own debt.

The joint tender by both maker and endorser having been timely for the full amount, no interest can be exacted after that date.

We find it conducive to clearness to recast the judgment.

It is ordered, adjudged and decreed that there be judgment declaring Jacob T. Kirn's indebtedness on his note compensated **pro tanto** by the amount of his deposit, and that the balance due thereafter be declared compensated **pro tanto** by the amount of Lawrence T. Kirn's deposit, without interest on said note from date of tender, and as amended judgment affirmed, the Teutonia Bank & Trust Company to pay costs of both Courts.

June 12th, 1912.

Rehearing refused, June 13th, 1912.

June 20th, 1912, decree Supreme Court, writ denied.