MAYFLOWER INDUSTRIES, A NEW JERSEY CORPORATION, PLAINTIFF, v. THOR CORPORATION, AN ILLINOIS CORPORATION, AND TELDISCO, INC., A NEW JERSEY CORPORATION, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Argued September 15, 1951—Decided September 17, 1951.

338

*Mr. Alfred C. Clapp, Mr. Meyer E. Ruback* and *Mr. Joseph A. Weisman,* for the plaintiff.

*Mr. John Millon,* for the defendant. Teldisco, Inc.

FRANCIS, J. C. C. (temporarily assigned). The proofs in affidavit form tend to show that the distributorship contract between Thor Corporation and Teldisco, Inc., was substantially complete when the plaintiff instituted its suit and obtained the restraint against Thor. The terms of the contract had been agreed upon orally. Thor had reduced the terms to a written instrument, and submitted it to Teldisco which signed it. The final signature by Thor was prevented by the restraint.

As a further indication of the fact that the parties regarded their contractual relationship as established, there is some proof in the record indicating that during the short period between the vacation of the restraint by the United States District Court and its reinstatement pending appeal upon the filing of a bond, deliveries of appliances were made by Thor to Teldisco.

The restraint prohibited Thor from "selling or delivering its products to any distributor (other than the plaintiff) in the territory exclusively reserved to the plaintiff * * *." Thus, Thor was effectively prevented not only from signing

the contract, but it became impossible for the parties to operate under it as well.

██ The opinion already filed in this cause, 15 *N. J. Super.* 139, makes a finding that a factual issue is presented by the proofs submitted as to whether or not the plaintiff, Mayflower. maliciously and without probable cause instituted the original suit against Thor and obtained an injunction on the basis of false affidavits. That Mayflower was aware of an actual or impending contractual relationship between Thor and Teldisco is demonstrated among other things by the complaint which alleges that "Plaintiff is reliably informed and verily believes, and therefore charges the fact to be, that the defendant Thor Corporation * * * has entered into a contractual arrangement with the defendant Teldisco, constituting and appointing the latter a distributor of the said products of the Thor Corporation in and for the areas exclusively reserved to the plaintiff * * *." Although Teldisco was not a party to the injunction, it is fairly inferable that plaintiff intended, by seeking the restraint and drawing the order in the manner in which it was drawn, to create an effective barrier in the path of the business relations into which the parties were about to enter. To say that Teldisco, if it suffered economic injury thereby, is without remedy in such a situation because it was not an actual and named party to the injunctive order, is to admit an unrealistic impotency in the law.

It is no answer to say that the contractual relations were not complete because Thor had not gone through the formality of signing the agreement. This status should not stand in the way of the existence of the right of action. Treating the case (on the facts here) in terms of unlawful interference with prospective economic advantage, the cause of action exists. Prosser puts the principle this way: "By analogy to interference with existing contractual relations, tort liability has been imposed for interference with prospective advantage." *Prosser on Torts, p.* 1013. Citing *Brennan v. United Hatters of North America,* 73 *N. J. L.* 729 (*E. & A.* 1906), wherein

Justice Pitney declared: "In a civilized community, which recognizes the right of private property among its institutions, the notion is intolerable that a man should be protected by the law in the enjoyment of property, once it is acquired, but left unprotected by the law in his efforts to acquire it. * * *," Prosser goes on to say: "and that since a large part of what is most valuable in modern life depends upon the 'probable expectancies,' as social and industrial life becomes more complex the courts must do more to discover, define and protect them from undue interference." (*Pp.* 1014–1015; also *Jersey City Printing Co. v. Cassidy,* 63 *N. J. Eq.* 759, at *page* 765 (*Ch.* 1902)).

For these reasons the motion for summary judgment on the amended counterclaim of the defendant Teldisco, Inc., must be denied. As in the case of the Thor counterclaim the action will be held for determination by the trial judge after the full proof has been submitted.