MILK DRIVERS AND DAIRY EMPLOYEES, LOCAL 680, OF THE INTERNATIONAL BROTHERHOOD OF TEAM-STERS, CHAUFFEURS, WAREHOUSEMEN AND HELP-ERS OF AMERICA, PLAINTIFF-RESPONDENT, v. SHORE DAIRIES, INC., DEFENDANT-APPELLANT.

Argued September 24, 1951—Decided October 8, 1951

*Mr. Merritt Lane, Jr.,* argued the cause for the appellant (*Messrs. McCarter, English & Studer,* attorneys).

*Mr. Thomas L. Parsonnet* argued the cause for the respondent (*Messrs. Parsonnet, Weitzman & Oransky,* attorneys).

The opinion of the court was delivered by

VANDERBILT, C. J.   This is an appeal from a judgment of the Appellate Division of the Superior Court refusing the defendant leave to appeal from an order of the Law Division of the Superior Court denying the defendant's motion for summary judgment.

The defendant owns and operates a dairy in Allenhurst with 31 employees.   The plaintiff is a union purporting to represent the defendant's employees.   On Sunday, July 9, 1950, the president of the defendant corporation signed a labor contract with the plaintiff union, the contract contain-

ing an arbitration clause providing for the submission to arbitration of any disputes arising out of the agreement and running until October 24, 1951.

Subsequently the defendant repudiated the agreement and the plaintiff instituted this action in the Law Division of the Superior Court pursuant to the provisions of *R. S.* 2:40–10 *et seq.* to obtain a judgment that the alleged contract remained in full force and effect and to compel the parties to the contract to arbitrate the disputes that had arisen between them. *R. S.* 2:40–13 provides that:

"The justice or judge shall hear the parties and if satisfied that the making of the agreement or a failure to comply therewith is not in issue, shall make an order directing the parties to proceed to the arbitration in accordance with the terms of the agreement, but if found to be in issue, an order shall be made directing a summary trial thereof. Where such an issue is raised the party alleged to be in default may * * * demand a jury trial of the issue."

In its answer the defendant demanded a jury trial and pleaded that the alleged contract was void because it was executed on Sunday, that the president of the defendant was not authorized to make the contract, that the board of directors of the defendant had disaffirmed the contract, that the contract was signed under duress and as a result of false representations, that the contract was signed without an understanding of its terms and without intent to bind the defendant, that the plaintiff was not authorized by the employees of the defendant to bring this suit and that if such authority had been given it has been repudiated by the employees, and that there is no arbitrable question presented under the terms of the contract. Thereafter the defendant moved for summary judgment on several grounds: (1) that the plaintiff was not authorized by the employees of the defendant to bring this suit and had no interest in the subject matter, (2) that there was no dispute arising under the contract, and particularly no dispute that was embraced within the arbitration clause, (3) that the contract was void because it was signed on a Sunday, and (4) that it was never ratified nor was any new promise made.

The trial judge held that under the affidavits submitted in the case it was clear that there was a dispute as to whether or not there was a ratification by the defendant which would remove the agreement from the ban of *R. S.* 2:207–1 relating to the transaction of business on Sunday. He held further that until that issue was determined the court had no jurisdiction to determine whether or not there was an arbitrable issue and whether or not the union had authority to bring the suit to compel arbitration. Accordingly he denied the defendant's motion for summary judgment but without prejudice to a renewal thereof following the disposition of the summary hearing required by the statute as to whether or not there was a contract between the parties. The defendant then moved for a reargument of the motion for summary judgment and this application was also denied. Thereupon the defendant applied to the Appellate Division of the Superior Court for leave to appeal from the order denying the motion for summary judgment, pursuant to *Rule* 4:2–2 (*b*), which provides in part as follows:

"This court [Appellate Division], in addition to the power conferred by paragraph (a) hereof, may in its discretion permit appeal to be taken from an interlocutory order or judgment when, in the opinion of the court, the grounds of appeal are substantial and the appeal, if sustained, will terminate the litigation."

After argument before the Appellate Division the application for leave to appeal was denied, one judge dissenting. From this denial by the Appellate Division the defendant has now taken this appeal to this court on a claim of right under the provisions of *Rule* 1:2–1(*b*) providing for appeals from final judgments of the Appellate Division in which there has been a dissent.

Prior to the promulgation in December, 1950, of *Rule* 4:2–2(*b*), a party in a position such as the defendant here would have had no opportunity whatsoever to appeal from the action of the trial court in denying its motion for summary judgment. *Rule* 1:2–1(*b*) provides that appeals

may be taken to the Supreme Court only from *final* judgments in causes where there is a dissent in the Appellate Division of- the Superior Court, *Petersen v. Falzarano*, 6 *N. J.* 447, 452 (1951). The clear purpose of the new *Rule* 4:2–2(*b*) was to spare litigants an unnecessary trial, but certainly it was not intended or anticipated by *Rule* 4:2–2(*b*) that a further appeal would lie from a determination by the Appellate Division as to whether or not it would permit an appeal to be taken. It is obvious from the express language of *Rule* 4:2–2(*b*) that a party to an action does not have a right to appeal to the Appellate Division of the Superior Court from an interlocutory order or judgment unless the Appellate Division of the Superior Court in its discretion permits it to do so according to the criteria set forth in the rule. It therefore follows that whether or not a party is entitled to appeal from an interlocutory order or judgment rests solely in the Appellate Division's discretion, and in the instant case the Appellate Division in its sound discretion did not permit such an appeal to be taken. It is therefore manifest that inasmuch as there was no appeal pending before the Appellate Division of the Superior Court in which it rendered a *final* judgment, the defendant has no right to appeal to the Supreme Court pursuant to *Rule* 1:2–1(*b*) merely because there was a dissent in the Appellate Division. To permit the defendant to appeal from an order of the Appellate Division denying leave to appeal from an interlocutory order would serve only to aggravate by further proceedings the very situation which the rule was designed to relieve. The present appeal illustrates the reason why as a general rule interlocutory orders or judgments are not appealable at all.

The defendant argues, however, that the Appellate Division in denying the defendant's application for leave to appeal under *Rule* 4:2–2(*b*) abused its discretion. It contends that under the arbitration statute, *R. S.* 2:40–10 *et seq.*, when application is made to the court to compel arbitration there are only two questions which the court must decide: (1) is there a contract calling for arbitration, and (2) is there an

arbitrable issue? The trial court in the instant case properly declined to decide whether or not there was such an arbitrable issue until it could first be determined whether or not there was even a contract. This would appear to be a logical and sensible holding, especially in view of the fact that the defendant had demanded a jury trial on this issue. The defendant argues that the trial court on the motion for summary judgment should have decided whether or not there was a question to be submitted to arbitration, even though it could not determine in view of the disputed facts whether or not there was a contract calling for arbitration, because if there was no such question then it would be immaterial whether or not there was a contract and the matter would have been finally disposed of.

Such an argument ignores both the provisions of *R. S.* 2:40–13, *supra*, providing for a summary trial of the issue of whether or not there is a contract before directing an arbitration and the plain language of *Rule* 4:2–2(*b*). By that rule the Appellate Division may permit an appeal from an interlocutory order (1) if the grounds of appeal are substantial, and (2) if the appeal, if sustained, will terminate the litigation. When these two prerequisites exist, and only then, is the Appellate Division empowered to exercise its discretion as to whether or not an appeal from an interlocutory order should be permitted, but the rule does not make it mandatory on the Appellate Division to allow an appeal from an interlocutory order in every case where these two prerequisites appear. The allowance of an appeal from an interlocutory order in such circumstances is still discretionary with the Appellate Division and to hold that its failure to exercise its discretion in favor of the defendant is an abuse of discretion would be to defeat the very purpose of the rule. The Appellate Division may well have been guided by the explicit language of *R. S.* 2:40–13 providing for a summary trial of the issue of whether or not there was a contract. It may well have concluded from the defendant's demand for a jury trial of whether or not there was a contract in existence

as well as from its motion for a reargument of the order denying summary judgment that the defendant was resorting to dilatory tactics in an effort to have the litigation outlive the contract, as in fact it will. But whatever the reason may be that dictated its decision to deny the defendant's appeal it cannot be made the basis of an appeal to this court on the ground of abuse of discretion without turning a rule designed to·expedite litigation into a rule that would inevitably have the effect of prolonging it. The design of our rules of court is to facilitate business and advance justice, to make practice just and simple, and to prevent unreasonable delay and expense; see *Rules* 1:7–9, 2:1–2, 3:1–2, 4:1–10, 7:1–2, and 8:1–2, and it is the duty of all judges to see that these salutary objectives are not perverted.

As to the defendant's contention that it has an appeal to this court by virtue of Article VI, Section V, paragraph 1 (b) of the Constitution, "in causes where there is a dissent in·the Appellate Division of the Superior Court," it is sufficient to say that there never was a·cause in the Appellate Division, that court having refused, and properly so, to entertain the cause on appeal under *Rule* 4:2–2(b).

The appeal will be dismissed.

*For dismissal*—Chief Justice VANDERBILT, and Justices CASE, OLIPHANT, WACHENFELD, BURLING and ACKERSON—6.

*Opposed*—None.