20 N.J. Super. 39 (1952)
89 A.2d 277
MAYFLOWER INDUSTRIES, A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
THOR CORPORATION, AN ILLINOIS CORPORATION, AND TELDISCO, INC., A NEW JERSEY CORPORATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 19, 1952.
Decided June 11, 1952.
*40 Before Judges McGEEHAN, JAYNE and GOLDMANN.
Mr. Morris M. Schnitzer argued the cause for appellant.
Mr. Thomas J. Brogan argued the cause for respondents.
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The defendant, Thor Corporation, moved to dismiss the plaintiff's appeal from an order entered in the Chancery Division on March 14, 1952. 17 N.J. Super. 505 (1952). The order under appeal denied the plaintiff's motion to reinstate its complaint which theretofore had been dismissed with prejudice on the 28th day of May, 1951. We announced our decision to dismiss this appeal, but before entry of the order we received from the plaintiff a petition for rehearing on the motion.
The complaint sought damages and an injunction against defendant, Thor Corporation, alleging that Thor had terminated the plaintiff's distributorship in violation of an agreement. *41 Thor answered and counterclaimed for malicious prosecution.
On May 28, 1951, an order was entered in the Chancery Division dismissing plaintiff's complaint with prejudice and holding the counterclaims of the defendant for independent adjudication and subject to plaintiff's motions addressed thereto. 15 N.J. Super. 139 (1951). The plaintiff took no appeal from this order. On September 17, 1951, an interlocutory order was entered denying plaintiff's motion to dismiss the defendant's counterclaims. 15 N.J. Super. 337 (1951). The plaintiff then applied to the Appellate Division under Rule 4:2-2(b) for leave to appeal from the interlocutory order of September 17, 1951. On November 16, 1951, an order of the Appellate Division was entered granting plaintiff's application to appeal from this interlocutory order, on condition "that any outstanding stay pending appeal of pretrial proceedings, below, including the filing of pleadings and other steps prior to actual trial be vacated within ten days from the date hereof and the parties are given leave to apply to the lower court for such vacation and for other relief, including relief under Rule 3:30-2."
On December 7, 1951, the plaintiff moved under Rule 3:60-2 to vacate the order of May 28, 1951, insofar as it dismissed the plaintiff's complaint with prejudice. By order entered on March 14, 1952, this motion was denied. The appeal now under consideration is an appeal from the last mentioned order.
The jurisdiction of the Appellate Division to enter its order of November 16, 1951, granting leave to appeal depended upon a finding that "the appeal, if sustained, will terminate the litigation." Rule 4:2-2(b); Milk Drivers, etc., Local 680 v. Shore Dairies, Inc., 8 N.J. 32 (1951). The plaintiff made such representation on its application and such a finding by the Appellate Division is implicit in its grant of leave to appeal.
Since the order of the Appellate Division granting leave to appeal from the interlocutory order of September 17, *42 1951, is outstanding, and the plaintiff retains the benefit it acquired thereunder, the plaintiff cannot be heard in any attempt under Rule 3:60-2 to reinstate its complaint.
The plaintiff concedes that this result should follow as a general rule, but argues that it should not apply in this case. The reason advanced is that the Appellate Division in granting leave to appeal from the interlocutory order of September 17, 1951, followed an unusual course in specifically authorizing pretrial proceedings, both as to pleading and discovery, pending the appeal. It appears obvious to us that the procedure authorized pending the appeal was procedure on the only litigation then outstanding, namely, the counterclaims, and its purpose was expedition of the litigation on the counterclaims in case the judgment under appeal, as granted, should be affirmed. The general rule applies in this case.
That the motion before the trial court for vacation of the dismissal of the complaint was made, and the appeal from the order denying the motion was taken, only for the purpose of hedging, in case the plaintiff fails on its appeal allowed under Rule 4:2-2(b), is made obvious by its representation in its brief and also on oral argument that if it succeeds on the last mentioned appeal "every other pending appeal will become moot and the litigation will be completely terminated for all purposes" and specifically that it will not seek any redress under the complaint, even though it be reinstated.
This appeal is dismissed and the application for rehearing on the motion to dismiss is denied.