47 N.J. Super. 461 (1957)
136 A.2d 286
STEPHEN A. HNATH, PLAINTIFF-APPELLANT,
v.
ANNA K. HNATH, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 21, 1957.
Decided November 25, 1957.
*463 Before Judges GOLDMANN, FREUND and CONFORD.
*464 Mr. John V.R. Strong argued the cause for plaintiff-appellant (Messrs. Strong & Strong, attorneys; Mr. John V.R. Strong, of counsel).
Mr. Elias A. Kanter argued the cause for defendant-respondent (Mr. Israel H. Saltman, attorney; Messrs. Wilentz, Goldman, Spitzer & Sills, and Mr. Kanter, of counsel).
The opinion of the court was delivered by FREUND, J.A.D.
Stephen A. Hnath appeals from a judgment entered by the Superior Court, Chancery Division, dismissing his complaint against his wife, Anna K. Hnath, for an accounting of property, and granting judgment on her counterclaim for separate maintenance.
The parties were married on October 14, 1923 but have not lived together since 1948. Litigation between the parties started in 1949 and it is necessary to give a chronological sequence of events since then properly to consider the present appeal. In October 1949 the plaintiff filed a complaint for divorce on the grounds of desertion. An answer and counterclaim was filed by the wife for separate maintenance, and on November 18, 1949 an order was entered awarding the wife $10 per week for her support and maintenance pendente lite. Subsequent to the filing of the complaint, the plaintiff's original attorney was disbarred and in November 1950, by letter, plaintiff requested his second attorney to take whatever steps were necessary to dismiss the divorce proceedings. In December 1950 a third attorney appeared for the plaintiff on a motion by the court to dismiss the complaint for lack of prosecution. Rule A-11 as amended, now R.R. 1:30-3. In June 1950, pending hearing of the motion, defendant served a notice of an application for permanent support and maintenance to be reserved in the order of dismissal. On August 7, 1951 an order was entered dismissing the complaint for lack of prosecution and further providing that the plaintiff pay to the defendant $15 per week from June 22, 1951 "until further order of the court." This order made *465 no other disposition of defendant's counterclaim. The entry of the order was consented to by the plaintiff's attorney "as to form and substance." Plaintiff made the payments so ordered regularly thereafter.
On October 21, 1955 the plaintiff's present attorneys applied by motion for an order to reopen and set aside "the order for permanent alimony and voluntary dismissal," which was entered on August 7, 1951. In support of his motion, the plaintiff submitted his affidavit explaining that he had just cause for divorce and would have proceeded to trial except for the disbarment of his attorney and the death of a principal witness. His affidavit stated facts purporting to show a change of financial circumstances of both parties, that his income had not increased, and that defendant not only received the $15 per week paid by him, but was employed and receiving a salary, so that his net weekly income was less than the total weekly amount she was receiving. He further listed and disclosed his weekly expenses, debts for dental and medical bills, and averred he had no assets except a 1949 automobile used for transportation to his work. He stated that he and his wife had a joint savings account accumulated from his money only, and that on November 4, 1949 his wife withdrew the entire balance of $912.96 from the account and redeposited it in another account in her sole name. He alleged that the defendant thereafter consistently made deposits in her savings account so that the balance as of July 6, 1955 was $4,177.02. He also stated that she appropriated to herself $3,000 of savings bonds which he had purchased and had caused to be issued in their joint names. His affidavit made no mention of any efforts on his part to recover any of the moneys in the savings account or the bonds.
The defendant met the plaintiff's application by a motion to dismiss supported by an affidavit. She denied plaintiff's charge of desertion, but admitted she is employed and earns a net salary of $40 to $47 each week. She accounted for her possession of the savings account by the cashing of bonds when they fell due, savings out of earnings, and the accumulation *466 of interest and support payments. She denied that plaintiff ever owned any bonds, but admitted that in 1949 they owned $1,522 in bonds jointly, much of which came from her earnings and savings.
The plaintiff's application to set aside the dismissal of his divorce complaint and to reopen was denied on November 18, 1955 and on his application to set aside the order for permanent support, the order was amended reducing the support payment to $10 per week. The order reserved plaintiff's right to make further application to dismiss the order for permanent support and defendant's counterclaim (in the 1949 suit), as well as the amending order for support.
On November 23, 1955 the plaintiff again gave notice of motion to dismiss the counterclaim for lack of prosecution, and to vacate the order for support. Defendant then gave counter-notice of an application for an order reserving to her the provision for support in any order of dismissal of the counterclaim which might be granted to the plaintiff. Both motions were supported by affidavits stating essentially the same facts disclosed in their prior affidavits. The motions resulted in an order on December 5, 1955 dismissing the counterclaim for lack of prosecution and denying support moneys to the defendant on the ground that it appeared that "the defendant is not at this time in need of support." No appeal was ever taken by either party from any order then or theretofore entered.
We now come to the proceedings which give rise to the instant appeal. On January 20, 1956 plaintiff filed an independent equity action for an accounting. The complaint seeks a judgment for the proceeds of the savings bonds, as well as the moneys deposited in a joint bank account alleged to have been converted by the defendant to her own use, and for all the support moneys paid to her under the order of August 7, 1951, which the plaintiff charges were illegally ordered, never lawfully owing, and paid by plaintiff under misconception of his rights. On February 20, 1956 the defendant counterclaimed for support, alleging the same facts presented in connection with her previous applications for *467 support. In the defenses set up in her answer, the defendant stated that the accounting for moneys paid to the defendant had been adjudicated in the prior proceedings between the parties, and that plaintiff had previously failed to exhaust the remedies available to him for an accounting in the divorce action.
On September 26, 1956 at the opening of the hearing of the cause, the trial judge granted a motion to dismiss the claim for recovery of support payments on the ground that the issue as to those items was res adjudicata. He then entertained a motion to dismiss the complaint in its entirety on the ground that the cause of action for accounting was barred because it had not been asserted in the prior action brought by the plaintiff. The motion was granted on that ground, the court citing Vacca v. Stika, 21 N.J. 471 (1956) as authority for its action.
The cause proceeded to hearing on the counterclaim for support. At the conclusion of the hearing, the trial judge found that the defendant had proved that her husband had abandoned and failed to support her under the facts and circumstances presented. He further determined that the dismissal of defendant's prior counterclaim on December 5, 1955 related only to matters that may have arisen prior to the date of the order of dismissal and did not preclude a cause of action for maintenance that accrued subsequent to December 6, 1955. Judgment was consequently entered on October 18, 1956 in favor of the defendant for support in the amount of $14 per week.
The plaintiff appeals from both parts of the judgment, dismissing his complaint and awarding support to his wife. As to the dismissal, he argues that the previous dismissal of both the complaint and counterclaim in the divorce action left the parties as if no previous suit had been brought and therefore there was no prior action with which to join the cause of action for accounting. He further contends that the denial of support by the order of December 5, 1955, which dismissed the original counterclaim for support, was *468 res adjudicata as to the present counterclaim since there was no subsequent change of circumstances of either party to warrant a different adjudication as to support in the judgment of October 18, 1956.
We first consider the ruling as to the part of the complaint wherein plaintiff seeks recovery of "the monies erroneously or otherwise inadvertently or improperly paid to her under the dismissal of the matrimonial action." Plaintiff has not in the present appeal argued that this action was incorrect and it is manifest that he has no basis to do so. It is to be observed that the plaintiff consented to the form and substance of the order and for more than four years took no steps to modify or to be relieved of the support order. He thereby recognized his obligation and by the periodic payments discharged his legal, as well as moral, duty to provide support for his wife. Buttlar v. Buttlar, 57 N.J. Eq. 645, 656, 657 (E. & A. 1898); Lynde v. Lynde, 64 N.J. Eq. 736, 751 (E. & A. 1902); Sobel v. Sobel, 99 N.J. Eq. 376 (E. & A. 1925); Richman v. Richman, 129 N.J. Eq. 114 (E. & A. 1940); Turi v. Turi, 34 N.J. Super. 313, 320 (App. Div. 1955).
The law has been settled that moneys paid under an order of the court, with full knowledge of the facts, are, in the absence of fraud, not recoverable. Turner v. Barber, 66 N.J.L. 496, 500 (Sup. Ct. 1901).
Moreover, an order consented to as to form and substance concedes the correctness of its contents. Mayflower Industries v. Thor Corp., 17 N.J. Super. 505, 511 (Ch. Div. 1952), affirmed 20 N.J. Super. 39 (App. Div. 1952).
The next question for determination is whether or not it was proper to dismiss the plaintiff's complaint for an accounting. Defendant argues that the plaintiff knew or should have known on October 6, 1949, when he instituted his divorce suit, that she had appropriated the joint bank savings and savings bonds, and should have included in the matrimonial action any cause of action he might have had for the converting of these assets. She relies upon R.R. 4:31-1 and R.R. 4:95-4 and the decision in Vacca v. Stika, *469 supra. This argument is premised on the version of the "entire controversy" theory that the plaintiff has a duty and obligation to bring all his causes of action in one suit where the same parties are involved.
Defendant urges that R.R. 4:31-1 and R.R. 4:95-4, permitting the joinder of unrelated causes of action against a single defendant, are applicable to the present case and justify the trial court's ruling, although the rules are not couched in mandatory language. We of course recognize and support the policy of consolidation of all claims between litigants, whether legal or equitable, for disposition in one action as being more desirable than the fragmentation or multiplicity of litigation for the repeatedly expressed reason that it provides an expeditious determination in a single action of the entire controversy between the parties. Tumarkin v. Friedman, 17 N.J. Super. 20 (App. Div. 1951), certification denied 9 N.J. 287 (1952); In re McFeely, 8 N.J. 9, 14 (1951); Ajamian v. Schlanger, 14 N.J. 483 (1954), certiorari denied 348 U.S. 835 (1954); New Jersey Highway Authority v. Renner, 18 N.J. 485, 492 (1955); National-Ben Franklin Fire Ins. Co. v. Camden Trust Co., 21 N.J. 16, 22 (1956); Korff v. G & G Corp., 21 N.J. 558, 567 (1956); 2 Schnitzer & Wildstein, N.J. Rules Service, A-IV, pp. 923 to 940; 10 Rutgers L. Rev. 371 (1955).
The Vacca case, however, is clearly distinguishable from the instant matter. There the plaintiff was seeking a building permit which the local zoning ordinance did not prohibit, but the use which plaintiff proposed to make might have violated certain deed restrictions affecting the property imposed by the municipality. The case was determined at trial level without consideration of the matter of restrictions. The Supreme Court remanded for plenary disposition of the remaining issues raised by the entire controversy. Under the facts developed in Vacca, it was there appropriate that the rights of the parties as to both the zoning ordinance and the restrictions should have been litigated in a single suit. The case did not involve a plaintiff with separate and *470 distinct unrelated causes of action against a single defendant, as here.
There is no present rule of practice which mandatorily requires joinder in one action of two or more claims against a defendant which are not so closely related that the institution of an action on one claim without the inclusion of the other would constitute a prohibited splitting of a cause of action, at the peril of being precluded from subsequently instituting an action on the omitted cause of action. Cf. Nuzzi v. United States Casualty Co., 121 N.J.L. 249, 260 (E. & A. 1938). The closest that any decision has come to such a situation as is here presented is the case of Ajamian v. Schlanger, supra, where it was held that an action for damages arising out of an allegedly fraudulent misrepresentation in the sale of a business was barred by the fact that plaintiff's assignor had previously instituted an action for rescission of a contract for the same fraud without asserting his claim of damages for deceit. It is obvious that only one basic controversy was involved and the court was precluding the splitting of the litigation in respect to that single controversy by requiring that all remedies in respect thereto should be asserted in a single action.
Here the plaintiff's original cause of action for divorce was separate and distinct from his cause of action in respect to the complaint for accounting of converted funds. Assuming that there were some common facts involved in both claims and that it would have been convenient to bring a single action in respect to both in one trial, it cannot be said that the two claims were so integral that bringing one without the other constituted the splitting of a single cause of action. In our view, even if the original divorce action had been prosecuted to a finality, it would not have precluded the bringing of a later action for the accounting.
In any case, the original complaint for desertion was dismissed for lack of prosecution. It was not dismissed with prejudice, nor was any determination made on the merits. As the dismissal left the matrimonial cause itself open for later adjudication, it can hardly be argued that the uninstituted *471 accounting action was barred by the former proceedings.
The defendant now contends that even if the reason given by the trial judge for dismissal of the complaint is not sound, the action should not be disturbed because the cause of action is patently without merit and its prosecution is subject to the defenses of laches and unclean hands. But we consider that plaintiff is entitled to his day in court as to those matters. They were not considered in the trial court and plaintiff was justified in not arguing them before us. Even if we were so disposed, the record before us is insufficient to permit a fair determination of such questions.
We come, finally, to the question as to whether the award of support to defendant was precluded by the order of December 5, 1955. The judgment under appeal provides that there be paid to the defendant $14 per week for her support, although the order of December 5, 1955 recites that "the defendant is not at this time in need of support" and her application for the reservation of support moneys was denied. Plaintiff argues that the finding by the court in the December 5, 1955 order constitutes collateral estoppel against the redetermination of that issue in the present case. We are constrained to disagree. It is noted that the order of December 5, 1955 dismissed the counterclaim for lack of prosecution before it denied the application for support money. Once the counterclaim was ordered dismissed for lack of prosecution, there was no jurisdiction to make any determination respecting the merits of the claim for support. 30 Am. Jur., Judgments, § 201, p. 940. The recital as to defendant's lack of need for support was pure surplusage. There is no appropriate occasion for a judicial declaration as to support in vacuo, i.e., not made in connection with any pending judicial proceeding. An appeal by defendant from the adverse finding as to support would have been dismissed as moot in view of the uncontested dismissal for lack of prosecution. The recital from the December 5, 1955 order relied upon by plaintiff therefore was not preclusive of the present plenary hearing and determination of the matter of support.
*472 Separate maintenance is a continuing matter; being ambulatory, it can be revised or modified whenever circumstances warrant such change. N.J.S. 2A:34-23 and 2A:34-24; O'Neill v. O'Neill, 127 N.J. Eq. 278 (E. & A. 1940). Here, the trial judge found as a fact that the wife had proved the husband's abandonment and was entitled to separate maintenance. Cf. Lasasso v. Lasasso, 1 N.J. 324 (1949). He assessed the financial circumstances of the parties and made an award to the wife, taking into consideration the wife's earnings. Marker v. Marker, 11 N.J. Eq. 256, 258 (Ch. Div. 1856); Chirelstein v. Chirelstein, 12 N.J. Super. 468 (App. Div. 1951); Turi v. Turi, supra. Here, the allowance of support was based upon a plenary hearing where both parties had the opportunity of submitting their proofs. It was the first hearing between the parties where testimony was taken. There was ample testimony to justify the award of support to the defendant.
In conclusion, the judgment dismissing the complaint for an accounting, limited to the moneys in the joint bank account and the savings bonds, is reversed, and in all other respects the judgment is affirmed, without costs.