696 A.2d 71

GERALD GARVEY, PLAINTIFF–APPELLANT, v. TOWNSHIP
OF WALL, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 19, 1997—Decided July 7, 1997.

Before Judges SKILLMAN, A.A. RODRIGUEZ and CUFF.

*Thomas A. McKinney* argued the cause for appellant (*Waldman, Renda & McKinney,* attorneys; *Mr. McKinney,* on the brief).

*Roger J. McLaughlin* argued the cause for respondent (*McLaughlin, Bennett, Gelson & Cramer,* attorneys; *Mr. McLaughlin,* of counsel; *Erinn McCrohan,* on the brief).

The opinion of the court was delivered by

SKILLMAN, J.A.D.

Plaintiff, a resident of Wall Township and a municipal water user, filed this action in lieu of prerogative writs claiming that the Township's practice of providing water free of charge to municipal

buildings violates *N.J.S.A.* 40A:31–10. The trial court granted the Township's motion to dismiss the complaint on the basis of *res judicata* and the entire controversy doctrine. We reverse.

The prior action which the trial court held to bar this action challenged the retroactive application of Township Ordinance No. 51–1990, which increased the charges that the Township imposes upon water users who consume more than a specified amount of water. That action was certified as a class action, with the class consisting of all the Township's water users including plaintiff. During discovery, the Township provided the class representatives with documents which alluded to the Township's practice of providing water free of charge to municipal buildings. However, the class representatives did not amend their complaint to assert any claim based on this practice. Consequently, the pretrial order indicated that the case involved solely the retroactive application of Ordinance No. 51–1990. After a hearing relating to liability only, the trial court issued a written decision which concluded that the retroactive application of the increased rates provided by Ordinance No. 51 was unconstitutional. The court subsequently heard two days of testimony regarding damages, which involved the amount of the refund to be awarded water users in light of the declaration of invalidity of the retroactive application of Ordinance No. 51. During this hearing, the Township's Superintendent of Public Works testified that the Township does not pay for the water provided to its buildings. After the trial court ruled that any refund it might order could be charged as an expense in the calculation of the rates charged water users, the parties entered into a settlement pursuant to which the class representatives agreed to waive any claim for a refund and to limit their claim to counsel fees. The class' counsel subsequently filed a fee application, which argued that the Township rather than municipal water users should be required to pay any counsel fee award because the Township had been receiving water free of charge. The court approved the settlement and awarded counsel fees, which the Township was required to pay but "allowed to absorb" in the Department of Water's rate base.

Shortly after the conclusion of the class action, plaintiff brought this action, claiming that the Township's policy of providing water free of charge to municipal buildings violates *N.J.S.A.* 40A:31–10, which requires a municipal water facility to establish rates which are "uniform and equitable for the same type and class of use or service." The complaint seeks injunctive relief, compelling the Township to commence paying for water from general revenues in accordance with the rates applicable to other municipal water users. The complaint also seeks monetary relief, requiring the municipality to pay for the water used in its buildings from January 1, 1990 through the date of final judgment.

The trial court granted defendant's motion to dismiss the complaint, concluding that plaintiff is precluded from maintaining this action "on the basis of res judicata and the entire controversy doctrine" because the class representatives in the class action became aware that the Township was furnishing water to municipal buildings free of charge during the litigation but failed to amend their complaint to challenge this practice.

We conclude that the trial court misapplied the *res judicata* and entire controversy doctrines and that plaintiff's complaint should be decided on its merits.

"The doctrine of *res judicata* 'contemplates that when a controversy between parties is once fairly litigated and determined it is no longer open to relitigation.'" *Culver v. Insurance Co. of N. Am.*, 115 *N.J.* 451, 460, 559 *A.*2d 400 (1989) (quoting *Lubliner v. Board of Alcoholic Beverage Control*, 33 *N.J.* 428, 435, 165 *A.*2d 163 (1960)). "The application of *res judicata* doctrine requires substantially similar or identical causes of action and issues, parties, and relief sought." *Ibid.* "To decide if two causes of action are the same, the court must consider: '(1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same (that is, whether the same evidence necessary to maintain

the second action would have been sufficient to support the first); and (4) whether the material facts alleged are the same.'" *Id.* at 461–62, 165 *A.*2d 163 (quoting *United States v. Athlone Indus., Inc.,* 746 *F.*2d 977, 984 (3d Cir.1984)); *see also Restatement (Second) of Judgment* § 24(2) (1981).

Applying these criteria, it is clear that this action is not barred by *res judicata* even though the court rendered a final judgment in the class action, plaintiff was a member of the class on whose behalf the prior action was maintained, and the Township was the defendant in both actions. First, while the relief sought in the class action was to prevent the retroactive application of an ordinance requiring municipal water users to pay higher rates, plaintiff's action seeks to prevent the Township from furnishing water to its own buildings free of charge. Second, while the theories of recovery in the class action were that retroactive application of the ordinance increasing water rates was *ultra vires* and unconstitutional, plaintiff's action rests on the theory that *N.J.S.A.* 40A:31–10 does not permit a municipal water facility to furnish water to municipal buildings free of charge. Third, while the class action was based on evidence that the Township imposed charges for water use under Ordinance No. 51 for a time period prior to the ordinance's adoption, this action is based on evidence that the Township furnishes water to municipal buildings free of charge. Finally, while the material fact alleged in the class action was that the ordinance increasing the charges imposed for water use had been applied retroactively, the material fact alleged in this case is that the Township furnishes water to municipal buildings free of charge. Therefore, the class action and this action present separate causes of action grounded on different factual allegations and the judgment entered in the class action does not bar this action on the basis of *res judicata.*

We turn next to the Township's primary argument, which is that the entire controversy doctrine precludes plaintiff from maintaining this action. The entire controversy doctrine only requires the joinder of claims which "arise from related facts

or the same transaction or series of transactions." *DiTrolio v. Antiles,* 142 *N.J.* 253, 267, 662 *A.*2d 494 (1995). Thus, the determination whether claims must be joined in a single action depends on whether the claims "arise[ ] from a core set of related factual circumstances." *Id.* at 272, 662 *A.*2d 494. In the absence of such a factual nexus, a party is not required to join all of his claims in a single action. *See Joel v. Morrocco,* 147 *N.J.* 546, 548–50, 688 *A.*2d 1036 (1997); *Illiano v. Seaview Orthopedics,* 299 *N.J.Super.* 99, 106–07, 690 *A.*2d 662 (App.Div.1997); *Wm. Blanchard Co. v. Beach Concrete Co.,* 150 *N.J.Super.* 277, 293, 375 *A.*2d 675 (App.Div.), *certif. denied,* 75 *N.J.* 528, 384 *A.*2d 507 (1977); *Hnath v. Hnath,* 47 *N.J.Super.* 461, 470, 136 *A.*2d 286 (App.Div. 1957).

Although the prior class action and the present action both relate to the charges which the Township imposes (or fails to impose) for municipal water, the two actions do not arise out of the same or closely related factual circumstances. As previously discussed, the class action was based solely on the retroactive application of Ordinance No. 51–1990, which increased the charges imposed upon municipal water users. The only fact which the plaintiffs had to prove in that action was that the Township had applied the ordinance retroactively, and the only relief which plaintiffs sought was a refund for their 1990 water use of the difference between the charges imposed under the prior rate ordinance and the charges imposed under Ordinance No. 51. On the other hand, the only fact plaintiff relies upon to establish this cause of action is that the Township provides water to municipal buildings without charge, and he seeks both an injunction prohibiting the municipality from continuing this practice and a monetary award representing the amount of money the municipality should have paid for water from 1990 to the date of judgment.[1] In addition, unlike the class action, the present action is not based on

---

[1] Although the municipal practice of providing water to municipal buildings free of charge apparently began in 1959, plaintiff does not seek any relief with respect to the period prior to 1990.

Ordinance No. 51 or any other municipal legislative enactment but rather upon a long-standing municipal practice of providing free water to its own buildings. Moreover, the present action does not involve any claim regarding the rates charged municipal water users, but instead asserts that the Township illegally provides water to its own buildings without imposing any charge at all. Consequently, the Township has failed to establish the essential prerequisite for application of the entire controversy doctrine— that the present action arises out of the same core set of related facts as the prior class action, *Joel v. Morrocco, supra,* 147 *N.J.* at 553–54, 688 *A.*2d 1036.

Furthermore, even if the Township had satisfied this threshold requirement, we would conclude that the policies underlying the entire controversy doctrine would not be advanced by its invocation to prevent plaintiff from challenging the Township's practice of furnishing free water to municipal buildings. The entire controversy doctrine essentially rests on three policies: "(1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay." *DiTrolio v. Antiles, supra,* 142 *N.J.* at 267, 662 *A.*2d 494. The first and third policies underlying the doctrine are clearly not implicated in this case. Because the class action and the present action rest on different factual allegations and seek totally different relief, the maintenance of this action does not offend the policy of "avoidance of piecemeal decisions." Because the Township's practice of furnishing water to municipal buildings free of charge was introduced into the class action only tangentially in its damages phase, and plaintiff claims that the Township is engaging in an illegal practice which adversely affects approximately 7,500 municipal water users, there is no basis for concluding that it would constitute a waste of judicial resources to allow the maintenance of the present action.

The applicability of the policy of fairness to the parties and those with a material interest in the action requires more detailed discussion. Although the fact that the Township provides water to municipal buildings free of charge was brought out during the damages phase of the class action, the class representative did not assert that this municipal practice is illegal. Consequently, the Township could not reasonably have believed that the final resolution of the class action insulated this practice from challenge. On the other hand, the dismissal of this action without a ruling on the merits would be unfair to plaintiff and other municipal water users. We also must be cognizant of the fact that the class action only involved a refund claim for small overcharges [2] for water use during a short time period, while the present action seeks to enjoin a municipal practice which has existed for a substantial number of years and could continue for an indefinite period of time if members of the affected class were precluded by the entire controversy doctrine from challenging that practice.

There are two additional reasons which support our conclusion that this action is not barred on the basis of *res judicata* or the entire controversy doctrine. First, the prior action was a class action. Although the general rule is that "a judgment in a properly entertained class action is binding on class members in any subsequent litigation," *Cooper v. Federal Reserve Bank of Richmond*, 467 *U.S.* 867, 874, 104 *S.Ct.* 2794, 2798, 81 *L.Ed.*2d 718, 726 (1984), the invocation of *res judicata* or the entire controversy doctrine to bar a class member from litigating a claim which could have been but was not in fact litigated in the class action may be unfair. The notice provided to a class member typically describes only the claims actually asserted in the class action. Consequently, the class member does not receive notice that other unasserted claims may be barred by a final judgment. Moreover, a court that approves the settlement of a class action generally will consider only claims which actually have been asserted in determining

---

[2] The class representative's claim was only $30.90.

whether the settlement is fair and reasonable. For these reasons, one federal district court has squarely held "a class action settlement should not bar all claims that could have been litigated between the parties but only those claims that were actually litigated." *Hilliard v. Shell W. E & P, Inc.*, 885 *F.Supp.* 169, 173 (W.D.Mich.1995); *see also Cooper v. Federal Reserve Bank of Richmond*, *supra*, 467 *U.S.* at 874, 104 *S.Ct.* at 2798, 81 *L.Ed.*2d at 727; *Hiser v. Franklin*, 94 *F.*3d 1287 (9th Cir.1996); *see generally* Note, *Binding Effect of Class Actions*, 67 *Harv. L.Rev.* 1059, 1065 (1954). *But compare TBK Partners, Ltd. v. Western Union Corp.*, 675 *F.*2d 456, 459–60 (2d Cir.1982).

The prior action was a class action in which the notice to class members such as plaintiff only indicated that the retroactive application of Ordinance No. 51–1990 was being challenged. Although the class representatives became aware during the course of the litigation that the Township was providing water to municipal buildings free of charge, there is no indication they ever communicated this information to the class members. Therefore, plaintiff and other water users in the Township did not have "a fair and reasonable opportunity" to litigate this claim in the class action. *See DiTrolio v. Antiles*, *supra*, 142 *N.J.* at 273, 662 *A.*2d 494 (quoting *Cafferata v. Peyser*, 251 *N.J.Super.* 256, 261, 597 *A.*2d 1101 (App.Div.1991)); *see also Joel v. Morrocco*, *supra*, 147 *N.J.* at 549, 688 *A.*2d 1036.

The second additional reason supporting our conclusion that this action should not be barred is that it presents an issue of general public importance. Plaintiff seeks to enjoin the Township from providing water free of charge to municipal buildings, as a result of which the Township passes on the cost of this service solely to municipal water users based on their water consumption rather than to all taxpayers in the municipality based on the assessed values of their properties. Therefore, this claim is not a private matter solely of interest to plaintiff, but rather an issue of general public importance to which claim preclusion doctrines ordinarily do not apply. *See Parisi v. North Bergen Mun. Port*

*Auth.,* 105 *N.J.* 25, 32–34, 519 *A.2d* 327 (1987); *City of Plainfield v. Public Serv. Elec. & Gas Co.,* 82 *N.J.* 245, 258–59, 412 *A.2d* 759 (1980).

Although plaintiff is not barred from maintaining this action by *res judicata* or the entire controversy doctrine, we do not foreclose the Township from arguing that, even if plaintiff succeeds in his claim that the municipality's practice of providing water free of charge to municipal buildings is illegal, any monetary award to plaintiff should be limited because of plaintiff's alleged relationship with the class representative in the prior action and his delay in filing this action. Even when a court determines that a municipality has charged excessive or discriminatory fees to users of municipal services, it does not automatically follow that the decision should be given full retroactive effect requiring the municipality to return all the excessive fees. *See Borough of Neptune City v. Borough of Avon-By-The-Sea,* 61 *N.J.* 296, 311–12, 294 *A.2d* 47 (1972). Instead, the scope of any monetary award depends on equitable considerations, including any delay in the initiation of proceedings to challenge the municipal action and the fiscal impact upon the municipality of a monetary award. *Cf. Automatic Merchandising Council v. Township of Edison,* 102 *N.J.* 125, 131, 506 *A.2d* 352 (1986); *Borough of Neptune City v. Borough of Avon–By–The–Sea, supra; New Jersey Hosp. Ass'n v. Fishman,* 283 *N.J.Super.* 253, 267–69, 661 *A.2d* 842 (App.Div. 1995); *see also Salorio v. Glaser,* 93 *N.J.* 447, 462–69, 461 *A.2d* 1100, *cert. denied,* 464 *U.S.* 993, 104 *S.Ct.* 486, 78 *L.Ed.2d* 682 (1983).

Accordingly, the judgment dismissing plaintiff's complaint is reversed and the case is remanded to the trial court for a determination on the merits.